## 9525

### BUSH v. WESTON & BROOKER QUARRY CO.

(90 S. E. 158.)

1. VENUE—CHARGE—WAIVER.—In a servant's action for injuries, where defendant employer answered to the merits, it waived the question of jurisdiction, and could not complain of denial of its motion thereafter made for change of venue to county in which its principal place of business was.

2. TRIAL—INCONSISTENCY IN INSTRUCTIONS—CURE.—In a servant's action for injuries, where the Court charged that, when a servant is injured by reason of defective machinery and appliances, it is *prima facie* evidence of negligence, but subsequently charged that no presumption of negligence arises from the mere existence of a defect or the happening of an accident, reiterating such charge, requested by the employer, any error in the first instruction was rendered harmless.

Before SEASE, J., Lexington, ——. Affirmed.

Action by Charley Bush against the Weston & Brooker Quarry Company. There was a verdict for plaintiff, and from an order overruling defendant's motion for change of venue, for refusal of motion for nonsuit, and from the judgment, defendant appeals.

*Messrs. Weston & Aycock,* for appellant, cite: *As to waiver of right to change of venue:* 74 S. C. 438; 69 S. C 278; 74 S. C. 69. *Place of business:* 79 S. C. 555; 47 S. C. 387; 65 S. C. 326. *Request to charge on negligence:* 66 S. C. 256; 69 S. C. 529; 72 S. C. 398; 75 S. C. 102; 91 S. C. 127; 93 S. C. 395; 103 S. C. 102; 100 S. C. 458.

*Messrs. Jas. H. Hammond* and *Cooper & Cooper,* for respondent, cite: *As to motion to change venue:* 86 S. C. 324; 84 S. C. 348; 73 S. C. 292; 79 S. C. 555. *As to defective machinery:* 34 S. C. 214; 69 S. C. 101; 64 S. C. 212; 72 S. C. 398; 75 S. C. 102.

October 3, 1916.
The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant states his case as follows:
"The plaintiff was a laborer in the employment of defendant, and was injured while at work in defendant's quarry at Cayce, in Lexington county. He brought an action demanding $2,000 damages in the Court of Common Pleas for Lexington county. The defendant answered, and subsequently served notice of a motion for a change of venue on an affidavit of the president and treasurer of the defendant. At the hearing the plaintiff submitted affidavits. The motion was overruled by the presiding Judge, and a trial was had, whereat a verdict was rendered in favor of plaintiff. This appeal was duly taken from the

order overruling the motion for change or venue, for refusal of a motion for a nonsuit and also for error in the Judge's charge."

"First exception: This exception alleges error in refusing the motion for change of venue. This motion was supported by an affidavit alleging that the defendant is a domestic corporation with its principal place of business, as is designated in its charter, at Columbia, which is in the county of Richland, and alleging that the defendant had no agent or place of business in Lexington county. It was admitted by defendant at the hearing on this motion that defendant was engaged in operating a quarry in Lexington county, and for the purpose thereof employed laborers, timekeepers, and foremen. The affidavits submitted by plaintiff were to the same effect as this admission of defendant. The answer of defendant did not waive the right to make this motion."

1. This exception cannot be sustained. The defendant answered to the merits and waived the question of jurisdiction.

2. The exception reads:

"In that his Honor refused the motion for a nonsuit; the error being that there was no evidence before the Court sufficient to go to a jury as to the alleged negligence of the defendant."

This exception cannot be sustained. There was sufficient evidence to carry the case to the jury.

3. The third exception reads:

"In that his Honor charged the jury as follows: 'I charge you further that, when it is made to appear that the servant was injured by reason of defective machinery and appliances furnished by the master, it is *prima facie* evidence of negligence on the part of the master, and the burden is then thrown upon the master to show that he used due care and diligence in keeping in repair the machinery and appliances. If you find that the master in this case used

due care and diligence in keeping in repair the alleged defective machinery and appliances, and nevertheless the servant was injured, the plaintiff cannot recover.   However, the presumption of negligence arising from defective appliances is a matter that is rebuttable; it is a rebuttable presumption' —the error being that no presumption of negligence on the part of the master arises from the existence of a defect or the happening of an accident whereby a servant is injured."

This exception cannot be sustained.   His Honor subsequently charged the jury:

"No presumption of negligence on the part of the master arises from the mere existence of a defect or the happening of an accident through which a servant is injured; it must appear by the preponderance of the evidence that the defect complained of caused the injury as a result of the master's negligence."   I charge you that.

"When the evidence leaves the cause of the injury unproved, it cannot be attributed to the defendant's negligence."   I charge you that.   I have already charged you that he must prove negligence.

"In an action for personal injuries it is essential and necessary that the plaintiff servant prove by a preponderance of the evidence not only that the master was negligent, but also that his negligence was the cause of the injury.   It is not enough to show merely that there was a defect, and that an accident had occurred which had injured plaintiff."   I charge you that request in connection with what I have already charged you.

"Defendant is not liable for a concealed defect in the cable unknown to defendant, unless the defendant was negligent in not discovering the same."   I charge you that.   I have already charged you that if the master used due care in inspecting and keeping in a reasonably safe condition the instrumentalities with which to perform his duties.

"While it is the duty of the master to provide his servants with a reasonably safe place to work and reasonably safe appliances and machinery, before the master can be held liable for an injury sustained by a servant, it must be shown that the master has been guilty of negligence in some particular complained of, and that such negligence caused the injury sued on." I charge you that.

It is true as a general rule that, when a Judge charges inconsistent propositions, the jury may be mislead. In this case, however, the Judge charged the law as appellant requested time and again, and did so, at the conclusion of his charge, and sent the jury into the room with the oft-repeated statement, that the injury must not only have been caused by a defect, but that "before the master can be held liable for an injury sustained by a servant it must be shown that the master has been guilty of negligence in some particular complained of, and that such negligence caused the injury sued on."

This exception is overruled.

The judgment is affirmed.